UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHELLY J. HAYES, | CASE NO. 3:16-cv-05736-RJB |
| Plaintiff, | ORDER ON DEFENDANTS' MOTION TO DISMISS |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, CARRINGTON DEED OF TRUST SERVICES, | |
| Defendants. | |

THIS MATTER comes before the Court on Defendants' Motion to Dismiss (Dkt. 10). The Court has considered the Complaint, pleadings filed in support of and in opposition to the motions, and the remainder of the file herein. Dkts. 1-1, 14, 16.

PROCEDURAL HISTORY

The Complaint centers on the allegation that the assignment of a deed of trust from New Century Mortgage Corporation ("New Century") to Deutsche Bank National Trust Company ("Defendant Deutsche") by Carrington Deed of Trust Services ("Defendant Carrington") is not legitimate. The Complaint alleges that on October 21, 2004, Plaintiff signed an Adjustable Rate

ORDER ON DEFENDANTS' MOTION TO
DISMISS- 1

1  Note for a home mortgage loan and executed a Deed of Trust to secure said loan. Dkt. 1-1 at

2  ¶¶12, 14. New Century is alleged as the lender on both the Adjustable Rate Note and the Deed of

3  Trust. *Id*.

4  According to the Complaint, New Century filed for Chapter 11 bankruptcy in 2007. Dkt.

5  1-1 at ¶13. The Complaint alleges that at the time of its bankruptcy, New Century "failed to

6  timely assign mortgage loans to securitized trusts," including the Deed of Trust. *Id*. at ¶13. As a

7  result, the Complaint alleges, an Assignment of Deed of Trust, filed by Defendant Carrington as

8  Indenture Trustee, that purports to assign New Century's security interest to Defendant Deutsche,

9  is fraudulent. *Id*. at ¶15. It is also alleged that the Assignment of Deed of Trust, recorded on

10 October 5, 2015, was not signed or authorized by Plaintiff. *Id*. at ¶17. Finally, the Complaint

11 alleges that Plaintiff mailed to Defendant Carrington a Letter to Rescind the home mortgage loan

12 on June 6, 2016. Dkt. 1-1 at ¶¶42-45; p. 37.

13 The Complaint seeks damages for breach of contract (Count One) and unjust enrichment

14 (Count Two), and seeks declaratory judgment (Count Three). In Count One, Plaintiffs allege that

15 Defendants "materially and substantially breached the written . . . terms . . . in the alleged note

16 and/or Deed of Trust . . . to the detriment of Plaintiff," under circumstances where "Plaintiff has

17 made all reasonable efforts to comply[.]" Dkt. 1-1 at ¶¶27-30. In Count Two, Plaintiff alleges that

18 "based on upon the foregoing, the Plaintiff . . . has conferred a benefit upon each Defendant; each

19 Defendant knew of and/or solicited such benefits, each Defendant has retained said benefits

20 which . . . is unjust . . . to retain without specific performance or other relief." *Id*. at ¶32.

21 In Count Three, "Plaintiff seeks a declaratory judgment for purposes of obtaining a

22 judicial interpretation" under the Washington Uniform Declaratory Judgment Act, RCW 7.24.

23 Dkt. 1-1 at ¶36. Count Three then alleges several paragraphs that do not add substance to the

24

1  claim[1], after which the Complaint alleges damages from TILA violations triggered by Plaintiff's

2  June 6, 2016 Letter to Rescind. *Id.* ¶¶42-48. Specifically, it is alleged that Defendants "refused to

3  honor Plaintiff's unconditional right . . . to rescind . . . [and] have failed and/or refused to properly

4  and fully disclose the details of the loan, trust, and all subsequent alleged interests[.]" *Id.* ¶¶45, 46.

5        Attached and incorporated into the Complaint is the Adjustable Rate Note (Dkt. 1-1 at

6  15), the Deed of Trust (*id.* at 19), the Assignment of Deed of Trust (*id.* at 34), which the Court

7  will consider because the parties agree the documents are accurate—that is, that the documents

8  reflect the record as to the obligations at issue.

9  STANDARD FOR MOTION TO DISMISS

10       Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable

11 legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri*

12 *v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken

13 as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d

14 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

15 need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

16 to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

17 a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

18 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief

19 above the speculative level, on the assumption that all the allegations in the complaint are true

---

[1] Excerpts from ¶¶38-41: "a real controversy . . . exists"; "an actual dispute exists . . . of which a judicial determination will be final and conclusive"; "the Plaintiff continues to struggle to seek recovery in the form of a declaration . . . [and] accurate and appropriate interest rate calculations"; "the Plaintiff continues to struggle to seek recovery . . . for damages suffered, and is being forced out of her home."

ORDER ON DEFENDANTS' MOTION TO
DISMISS- 3

(even if doubtful in fact)." *Id.* at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

DISCUSSION

Count One: Breach of Contract

The elements for a breach of contract claim are well-established: (1) a valid contract between the plaintiff and the defendant, (2) performance of the contract by the plaintiff, (3) breach of the contract by the defendant, and (4) harm to the plaintiff caused by the defendant. 29 Wash. Prac., Elements of an Action § 7:1 (2016-2017 ed.). The Complaint alleges generally that Defendants "materially and substantially breached the written . . . terms . . . in the alleged note and/or Deed of Trust . . . to the detriment of Plaintiff," 1-1 at ¶¶27-30, but the Complaint does not point to any specific terms breached by each defendant. On that basis alone the claim should be dismissed for failure to state a claim.

Plaintiff's Response argues that "[i]t is important to note that the underlying facts relate to . . . contracts between the original mortgagee and the Plaintiff." Dkt. 14, at 6. New Century, the initial lender named on the Deed of Trust and Adjustable Rate Note, was the "original mortgagee, but it is not clear from the Complaint how Defendant Carrington and Defendant Deutsche could have breached a contract to which they were not a party. Making every effort to construe all allegations in favor of a cognizable claim, it could be that Plaintiff alleges that the Deed of Trust was breached by the "fraudulent" assignment, the Assignment of Deed of Trust by Defendant Carrington to Defendant Deutsche. However, as Defendants correctly point out, "a borrower generally lacks standing to challenge the assignment of its loan documents unless the borrower shows that it [has] a genuine risk of paying the same debt twice[,]" *Andrews v. Countrywide Bank, NA*, 95 F.Supp. 1298, 1301 (W.D.Wash. 2015), which Plaintiff has not alleged.

1       As to Count One, Defendants' motion to dismiss should be granted and the claim

2  dismissed.

3  Count Two: Unjust Enrichment

4       Unjust enrichment is established where (1) a benefit is conferred on one party by another,

5  (2) the party receiving the benefit has knowledge or an appreciation of the benefit, and (3) the

6  receiving party accepts or retains the benefit under circumstances that make it inequitable. *Dragt*

7  *v. Dragt/DeTray, LLC*, 139 Wn. App. 560, 576 (2007). Plaintiff alleges that "based on upon the

8  foregoing, the Plaintiff . . . has conferred a benefit upon each Defendant; each Defendant knew

9  of and/or solicited such benefits, each Defendant has retained said benefits which . . . is unjust . .

10 . to retain without specific performance or other relief." Dkt. 1-1 at ¶32. The Complaint does not

11 set out the benefit with specificity sufficient to state a claim. *See id*. at ¶¶32-34. The claim

12 incorporates the rest of the Complaint, and generously construing the allegations, it appears

13 Plaintiff may be attempting to allege that it is inequitable for Defendants to benefit by enforcing

14 security interests that belong to New Century. However, as with the breach of contract claim,

15 such a claim would fail for Plaintiff's lack of standing; Plaintiff's mortgage loan obligations did

16 not cease by virtue of any assignment, whether or not the assignment was legitimate. Plaintiff

17 does not provide binding authority to the contrary. *See* Dkt. 14 at 7-10.

18       As to Count Two, Defendants' motion to dismiss should be granted and the claim

19 dismissed.

20 Claim Three: Declaratory Judgment and TILA violations

1   The Declaratory Judgment Act, codified at 28 U.S.C. § 2201[2], provides a federal court

2   discretionary jurisdiction to hear declaratory judgment actions. *Gov't Employees Ins. Co. v.*

3   *Dizol,* 133 F.3d 1220, 1223 (9th Cir.1998). The Act states that in a case of actual controversy

4   within its jurisdiction any court of the United States may declare the rights and other legal

5   relations of any interested party seeking such declaration. 28 U.S.C. § 2201. This is an

6   incorporation of the Article III constitutional case or controversy requirement. *Principal Life Ins.*

7   *Co. v. Robinson,* 394 F.3d 665, 669 (9th Cir.2005).

8   One element of the case-or-controversy requirement is that Plaintiffs must establish that

9   they have standing to sue. *Raines v. Byrd,* 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849

10  (1997). To establish Article III standing, a Plaintiff must establish an invasion of a legally

11  protected interest which must be "concrete, particularized, and actual or imminent; fairly traceable

12  to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed*

13  *Farms,* 561 U.S. 139, 149 (2010). As discussed above, Plaintiff does not have standing to

14  challenge the assignment of her loan. Without a legally protected interest, there is no basis for

15  declaratory relief and the claim should be dismissed.

16  Plaintiff's Response argues that declaratory judgment is proper because "the rescission of

17  the Note and Mortgage was automatic," after Plaintiff sent Defendants the June 6, 2015 Letter to

18  Rescind. Dkt. 14 at 10. According to Plaintiff, the Complaint "sets forth violations of TILA

19  arising from the failure to provide the Plaintiff with copies of the notice of the right rescind [*sic*]

20  and from the Defendants' failure to honor the rescission." Dkt. 14 at 10. However, even if Plaintiff

21  never received notices required by TILA, Plaintiff's Letter of Rescission could not have triggered

---

[2] The Complaint seeks relief under RCW 7.24, the Washington Uniform Declaratory Judgment Act, which is the state law equivalent to 28 U.S.C. § 2201. The distinction between the federal and state statutes is immaterial to resolving Defendants' motion.

rescission as alleged. The "conditional right to rescind does not last forever," and expires after three years "[e]ven if a lender *never* makes the required disclosures[.]" *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790, 792 (2015). Plaintiff argues that equitable tolling and the discovery rule apply to TILA claims because there is no express congressional intent to the contrary, "thus the statute of limitations starts to run when the claimant knew or should have known . . . the grounds for . . . TILA rescission or TILA claims." *Id.* at 12. Tolling the statute of limitations as Plaintiff urges should be rejected, because such a broad interpretation of the equitable doctrine would effectively swallow the statute of limitations, where § 1635(f) states that "an obligor's right of rescission <u>shall expire</u> three years after the date of consummation . . . <u>notwithstanding the fact that the information and forms</u> required under this section . . . <u>have not been delivered to the obligor</u>[.]"

As to Count Three, Defendants' motion to dismiss should be granted and the claim dismissed.

\* \* \*

Plaintiff may show cause, if any she has, explaining why dismissal without leave to amend would not be futile. In other words, Plaintiff should explain, if she chooses, how the complaint could be amended to state a plausible claim for relief. Alternatively, Plaintiff may file an amended complaint to fix fatal defects of the Complaint. Failure to do so will result in dismissal of the case.

Defendants' Motion to Dismiss (Dkt. 10) will be granted and the case dismissed unless Plaintiff makes a proper showing by **Friday, November 4, 2016**.

IT IS SO ORDERED.

ORDER ON DEFENDANTS' MOTION TO
DISMISS- 7

1  The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2 to any party appearing *pro se* at said party's last known address.
3  Dated this 26th day of October, 2016.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge