UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHELLY J. HAYES, | CASE NO. 3:16-cv-05736-RJB |
| Plaintiff, | ORDER ON DEFENDANTS' |
| | MOTION TO DISMISS AND |
| v. | DEFENDANTS' MOTION TO |
| | DISMISS AMENDED COMPLAINT |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, CARRINGTON DEED OF TRUST SERVICES, | |
| Defendant. | |

BEFORE THE COURT are two pending motions: Defendants' Motion to Dismiss (Dkt. 10) and Defendants' Motion to Dismiss Amended Complaint (Dkt. 20). The Court has considered both motions, the pleadings filed in support of and in opposition to the motions, and the remainder of the file. Dkts. 10, 14, 16, 18, 20, 23, 24.

## BACKGROUND

**A. Procedural history.**

This case centers on the allegedly unlawful conduct by Defendants relating to a promissory note, deed of trust, and assignment of deed of trust. The case was removed from

1   Clark County Superior Court. Dkt. 1. Challenging the Complaint, Defendants filed a Motion to

2   Dismiss. Dkt. 10. The Court stated that it would grant the motion and dismiss the case, unless

3   Plaintiff filed either an amended complaint or an explanation of how to fix the Complaint's fatal

4   defects. Dkt. 17 at 7. Plaintiff filed both. Dkts. 18, 19. Defendants, rather than waiting for the

5   Court to issue a final ruling on the Motion to Dismiss, filed the Motion to Dismiss Amended

6   Complaint. Dkt. 20. Therefore, both motions of Defendants are pending before Court.

7   **B. Facts.**

8        In connection with Plaintiff's ownership of real property in Vancouver, Washington,

9   Plaintiff and William Hayes signed a Promissory Note on October 21, 2004, with New Century

10  Mortgage as Lender in the amount of $172,825. Dkt. 19 at ¶¶12-14; Dkt. 1-1 at 15. Under the

11  terms of the Promissory Note, which the Amended Complaint incorporates, Plaintiff agreed to

12  repay the principal balance, plus interest, and Plaintiff affirmed that "Lender may transfer this

13  Note. Lender or anyone who takes this Note by transfer . . . is called the 'Note Holder.'" Dkt. 1-1 at

14  15.

15       The Promissory Note was secured by a Deed of Trust, also incorporated into the

16  Amended Complaint, executed on October 21, 2004. Dkt. 19 at ¶15. Dkt. 1-1 at 19. The Deed of

17  Trust, which also named New Century Mortgage as Lender, provides that "the Note or a partial

18  interest in the Note (together with this Security Instrument [the Deed of Trust]) can be sold one

19  more times without prior notice to Borrower." Dkt. 1-1 at 19, 30.

20       On April 2, 2007, New Century Mortgage filed for relief under Chapter 11 in the United

21  States Bankruptcy Court in the District of Delaware. Dkt. 19 at 13. *In re New Century TRS*

22  *Holdings, Inc.*, 465 B.R. 38, 42 (Bankr. D. Del. 2012). Effective as of August 1, 2008, the

23  Bankruptcy Court created the New Century Liquidating Trust, administered by a court-appointed

24

1  Trustee, to manage the liquidation of the assets of TRS Holdings, Inc., a corporation with assets

2  that included New Century Mortgage. *Id.*

3          On October 5, 2015, an Assignment of Deed of Trust concerning Plaintiff's loan was

4  recorded in Clark County, Washington. Dkt. 1-1 at 34-36. The Assignment of Deed of Trust,

5  signed by the New Century Liquidating Trust as successor in interest to New Century Mortgage,

6  transferred the interests of Grantor, New Century Mortgage to Grantee, Deutsche Bank. Dkt. 1-1

7  at 35. The Assignment of Deed of Trust specifies that Deutsche Bank's "address is c/o of

8  Carrington Mortgage Services." *Id.*  Defendant Carrington Mortgage Services is the loan servicer.

9  Dkt. 1-1 at ¶17.

10         On June 6, 2016, William Hayes sent a letter to Defendant Mortgage Services attempting

11  to rescind the mortgage loan. Dkt. 1-1 at 37-40.

12  **C. Claims.**

13         The Amended Complaint alleges claims for breach of contract (Count One), unjust

14  enrichment (Count Two), and declaratory judgment (Count Three). These three claims are

15  delineated with headers and use of bold font and underlining. Dkt. 19 at ¶¶52-77. Alleged within

16  the section entitled "Factual Background," are violations of the Fair Debt Collection Practices Act,

17  the Real Estate Settlement Procedures Act, the Consumer Credit Protection Act, and the National

18  Housing Act. Dkt. 19 at ¶¶31-51. These statutory violations were not alleged in the Complaint.

19  *Compare* Dkt. 1-1 at ¶¶10-25; *and* Dkt. 19 at ¶¶22-24, 31-51.

20                          <u>STANDARD FOR MOTION TO DISMISS</u>

21         Fed.R.Civ.P.12(b) motions to dismiss may be based on either the lack of a cognizable

22  legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri*

23  *v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken

24

1  as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d

2  1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

3  need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

4  to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

5  a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

6  (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief

7  above the speculative level, on the assumption that all the allegations in the complaint are true

8  (even if doubtful in fact)." *Id.* at 1965. Plaintiffs must allege "enough facts to state a claim to relief

9  that is plausible on its face." *Id.* at 1974.

10  DISCUSSION

11  The Court begins its analysis with the alleged statutory violations, because they are added

12  allegations unique to the Amended Complaint, whereas, as discussed in §B below, the claims in

13  the Complaint and Amended Complaint for breach of contract, unjust enrichment, and

14  declaratory judgment are nearly identical.

15  **A.  Statutory violations.**

16  Although the statutory violations are alleged within the Factual Background portion of

17  the Amended Complaint and not organized as separate claims, they should be treated like distinct

18  claims, especially because Plaintiff is *pro se*.

19  (1) Federal Debt Collection Practices Act (Dkt. 19 at ¶¶31, 32, 34, 35-38, 45, 46)

20  In summary, the Amended Complaint alleges that Plaintiff has been harmed by

21  Defendants, who are "debt collectors" under 15 U.S.C. § 1692, for multiple reasons: (1) in

22

23

24

ORDER ON DEFENDANTS' MOTION TO
DISMISS AND DEFENDANTS' MOTION TO
DISMISS AMENDED COMPLAINT- 4

violation of § 1692e(2)[1], Defendants have misrepresented the character and legal status of the

debt, "by filing false, incorrect, improper, unwarranted, and/or misleading foreclosure litigation

and sending related correspondence related correspondence" (Dkt. 19 at ¶34); (2) in violation of §

1692e(5), Defendants threatened or took action on the Promissory Note or Deed of Trust when

they knew or should have known that they did not have any interest in either (Dkt. 19 at ¶¶35,

36); (3) in violation of § 1692f and § 1692f(1), Defendants used unfair or unconscionable means

to collect debt, the collection of which was unauthorized (Dkt. 19 at ¶¶37, 38); (4) in violation of

§ 1692d, Defendants harassed, oppressed, and abused Plaintiff, by, *inter alia*, falsely

representing their interest in the loan, threatening to sell or transfer the debt, using false or

deceptive means to collect the debt, threatening to repossess the property, and failing to send

proper debt collection notices (Dkt. 19 at ¶¶45, 46).

Common to all of the alleged FDCPA violations is the theory that Defendant Deutsche

Bank, and its agent, Defendant Carrington Deed of Trust Services, lacked the proper authority to

enforce any interest in the Deed of Trust or the Promissory Note, because the Assignment of

Deed of Trust was invalid. The Court previously rejected this theory, because "a borrower

generally lacks standing to challenge the assignment of its loan documents unless the borrower

shows that it [has] a genuine risk of paying the same debt twice." *Andrews v. Countrywide Bank,*

*NA*, 95 F.Supp.3d 1298, 1301 (W.D.Wash. 2015). Dkt. 17 at 4. Plaintiff's Response points to ¶19,

where the Amended Complaint alleges that Defendants "improperly claims [*sic*] ownership,

interest, security . . . in the Property via the Note, Deed of Trust, assignment . . . thus, the

---

[1] The Amended Complaint alleges a violation of "15 U.S.C. § 1692(e)(2)," but there is no
such statute. Because the language in § 1692e(2) tracks what is alleged, the omitted parentheses
appear to have been a scrivener's error. The Amended Complaint makes several similar errors,
which the Court has corrected (but not noted throughout).

1    Plaintiff is a [*sic*] real and genuine risk of paying the same alleged debt twice." Dkt. 23 at 3. The

2    bare allegation that Plaintiff could have to pay debt twice, unaccompanied by a plausible theory,

3    is insufficient. For example, if Plaintiff had alleged that New Century Mortgage *and* the New

4    Century Liquidating Trust *both* collect on the loan, this would provide a plausible theory to

5    disregard the enforceability of the Assignment of Deed of Trust.

6         The alleged FDCPA violations should be dismissed.

7         (2) <u>Real Estate Settlement Procedures Act</u> (Dkt. 19 at ¶¶41-44)

8         The Amended Complaint alleges that Defendants violated RESPA, codified at 12 U.S.C.

9    § 2605, by "violat[ing] the procedures" under RESPA, by not providing sufficient, timely notice to

10   Plaintiff that the New Century Mortgage loan had been sold, assigned, or securitized to

11   Defendant Deutsche Bank. Dkt. 19 at ¶¶41-44.

12        RESPA at § 2605 sets out notice protections for consumers when mortgage loans are

13   assigned, sold, or transferred. For example, notice by transferors must include specific content

14   (e.g.- effective date and contact information) and be subject to specific timing rules (e.g.- 15

15   days after effective date). § 2605(b). When individuals allege harm, they may recover "(A) actual

16   damages to the borrower as a result of the failure; and (B) any additional damages, as the court

17   may allow, in the case of a pattern or practice of noncompliance . . . in an amount not to exceed

18   $2,000." § 2605(f).

19        The alleged RESPA violations fail for two reasons. First, there is a lack of specificity as

20   to how notice by each defendant was deficient. *See* § 2605(b), (c). As alleged, the RESPA

21   violations do not give Defendants a fair basis to defend themselves against the allegation that

22   they did not provide sufficient notice to Plaintiff of the Assignment of Deed of Trust.

23   Contradictorily, Plaintiff acknowledges notice of the Assignment of Deed of Trust, because she

24

1  challenges its legitimacy. Second, and most fatally, Plaintiff does not allege a pattern or practice

2  of noncompliance or harm to Plaintiff personally by the lack of notice. *See Flores v. GMAC*

3  *Mortg., LLC*, 2013 WL 2049388 at *3 (N.D.Cal. 2013) ('the borrower was not harmed even were

4  there some defect in the manner in the loan was assigned'). Furthermore, the terms of the Deed of

5  Trust, in fact, explicitly allow for transfer of the loan without notice to Plaintiff. Dkt. 1-1 at 20

6  ('The Note or a partial interest in the Note (together with this Security Instrument) can be sold

7  one or more times without prior notice to Borrower').

8       The alleged RESPA violations should be dismissed.

9       (3) <u>Consumer Credit Protection Act</u> (Dkt. 19 at ¶47)

10      A single paragraph in the Amended Complaint alleges that Defendants 'failed to provide

11  necessary and mandatory notices of the purported sales, assignment, and/or transfers in servicing

12  in violation of 24 C.F.R. 2400.21(d), 15 U.S.C. § 1641(g), and all other applicable law, rules,

13  and regulations.' Dkt. 19 at ¶47.

14      The Court is unable to locate the first authority cited by Plaintiff, 24 C.F.R. 2400.21(d),

15  but 15 U.S.C. § 1641(g), a statute within the Consumer Credit Protection Act, §§1601-1693r,

16  states:

17      . . . not later than 30 days after the date on which a mortgage loan is sold or otherwise
        transferred or assigned to a third party, the creditor . . . shall notify the borrower in
18      writing of such transfer, including–
            **(A)** the identity, address, telephone number of the new creditor;
19          **(B)** the date of transfer;
            **(C)** how to reach an agent or party having authority to act on behalf of the new
20          creditor;
            **(D)** the location of the place where transfer of ownership of the debt is recorded;
21          and
            **(E)** any other relevant information regarding the new creditor.

22
    1641(g)(1).
23

24

Similar to the alleged RESPA violations, the alleged CCPA violation of §1641(g) fails for its lack of specificity. The Amended Complaint does not identify the defect in the creditor's "writing"—it only alleges that there is a defect, which is a legal conclusion. Perhaps more problematic for Plaintiff, the Amended Complaint does not point to any injury to Plaintiff based on the alleged violation.

The alleged CCPA violation should be dismissed.

(4) <u>National Housing Act</u> (Dkt. 19 at ¶48)

One paragraph in the Amended Complaint alleges a violation of the National Housing Act, 12 U.S.C. § 1710. Dkt. 19 at ¶ 48. It is alleged:

> The Defendants, as originators, assignees, and/or servicers, intentionally, negligently and/or recklessly failed to act in good faith and/or to deal fairly with the Plaintiff by failing to follow the applicable standards of Deed of Trust lending and servicing [*sic*] denying the Plaintiffs, among other things, to access to the Deed of Trust servicing protocols . . . pursuant to the National Housing Act, 12 U.S.C. § 1710[.]'

Dkt. 19 at ¶48.

Section 1710, cited by Plaintiff, is entitled "Payment of insurance." The section is extensive and appears mostly to prescribe the limits of the government's authority to control mortgage insurance. *See* § 1710. The alleged NHA violation lacks specifics, and the undersigned cannot construe ¶48 of the Amended Complaint as a violation of § 1710 that would give each defendant notice of a cognizable claim.

The alleged NHA violation should be dismissed.

**B. Breach of Contract (Count One), Unjust Enrichment (Count Two), and Declaratory Judgment (Count Three) claims.**

As alleged in the Amended Complaint, the claims for breach of contract, unjust enrichment, and declaratory judgment do not differ in any meaningful way from their prior iterations in the Complaint. The breach of contract claim in the Amended Complaint differs from

1    the Complaint in only cosmetic ways, for example, by adding "as set forth above" and changing the

2    formatting of two paragraphs. *Compare* Dkt. 1-1 at ¶¶26-30; Dkt. 19 at ¶¶52-57. The unjust

3    enrichment claim in Amended Complaint is identical to the claim alleged in the Complaint, with

4    the exception of a single added paragraph, ¶62, which is redundant. Dkt. 1-1 at ¶¶31-34; Dkt. 19

5    at ¶¶59-63. The declaratory judgment claims are the same, with the exception of one re-

6    formatted paragraph. Dkt. 1-1 at ¶¶35-48; Dkt. 19 at ¶¶64-77. The Court previously discussed

7    the reasons why the Complaint failed to state a claim as to each of these three claims (Dkt. 17).

8    The Amended Complaint repeats the same allegations, and thus faces the same result. The three

9    claims for breach of contract, unjust enrichment, and declaratory judgment should be dismissed

10   for failure to state a claim.

11        Plaintiff's Response argues that, unlike the Complaint, which was based on the theory that

12   assignment from New Century Mortgage to Defendant Deutsche Bank was unenforceable, "the

13   crux of the Amended Complaint is the recognition that rescission of the Note and Mortgage[.]"

14   Dkt. 23 at 9. It appears that Plaintiff made efforts in June 6, 2016 to rescind. Dkt. 1-1 at 37.

15   However, as discussed previously when the Court rejected Plaintiff's TILA claim, which was

16   based on a rescission theory, Plaintiff's right to rescind, at best, expired three years after the

17   consummation of the mortgage loan, 15 U.S.C. § 1635(f), the terms of which were finalized in

18   2004. Dkt. 17 at 7. And the Amended Complaint presents no grounds for equitable tolling the

19   statute of limitations nearly a decade. *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999);

20   *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011).

21   **C. Defendants' Motion to Dismiss**

22        As discussed above, Defendants' Motion to Dismiss the Amended Complaint should be

23   granted, and all claims and violations alleged in the Amended Complaint should be dismissed.

24

1   Because the Court invited Plaintiff to file an Amended Complaint (Dkt. 17 at 7), Plaintiff filed

2   the Amended Complaint with leave of the Court, and the Amended Complaint supersedes the

3   Complaint. An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963

4   F.2d 1258, 1262 (9th Cir. 1992). Therefore, Defendants' Motion to Dismiss, which challenges the

5   Complaint, should be denied as moot.

6                                           * * *

7        THEREFORE, it is HEREBY ORDERED:

8            Defendants' Motion to Dismiss (Dkt. 10) is DENIED AS MOOT.

9            Defendants' Motion to Dismiss the Amended Complaint (Dkt. 20) is GRANTED.
             The case is dismissed.
10
       It is so ordered.
11
       The Clerk is directed to send uncertified copies of this Order to all counsel of record and
12
    to any party appearing *pro se* at said party's last known address.
13
       Dated this 21st day of December, 2016.
14

15

16                                     ROBERT J. BRYAN
                                       United States District Judge
17

18

19

20

21

22

23

24